UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

CODY BUCHANAN,                      )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )        Case No. 2:25 CV 70 CDP
                                    )
MONTGOMERY COUNTY,                  )
MISSOURI, et al.,                   )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

Plaintiff Cody Buchanan, proceeding pro se, brings this action under 42 U.S.C. § 1983 against defendants Montgomery County, Missouri, Sheriff Craig Allison, and Corporal Brian Maskey. This lawsuit arises out of the execution of a search warrant at Buchanan's home in August 2025. Buchanan alleges that defendants exceeded the scope of the warrant by examining and seizing property that was not authorized by the warrant and then failed to return his property, in violation of the Fourth and Fourteenth Amendments. Defendants move to dismiss the third amended complaint for failure to state a claim. For the reasons that follow, I will grant defendants' motion to dismiss as to the official-capacity claims against Maskey and Allison and deny the motion in all other respects.

**Background**

In his third amended complaint, Cody Buchanan alleges the following facts: On August 4, 2025, Corporal Maskey and other Montgomery County Sheriff's officers executed a search warrant at Buchanan's home where he lawfully kept multiple firearms.  Although the search warrant did not authorize the examination and seizure of every firearm on Buchanan's property, Maskey inspected and recorded the serial numbers of approximately 30 firearms and seized property that was not listed in the warrant.  Buchanan also alleges that Maskey used excessive force during the search by pointing a firearm at him even though he was compliant and did not pose a threat.  After the search, Buchanan repeatedly asked defendants to return the seized property that was not listed in the warrant, contraband, or needed for evidentiary purposes.  Despite Buchanan's repeated requests, Sheriff Allison unreasonably retained his property and failed to provide an adequate post-seizure process for challenging the retention of his property.  Buchanan asserts that Montgomery County's unconstitutional policies, customs, and practices caused Maskey and Allison to violate his constitutional rights.

Defendants move to dismiss the third amended complaint for failure to state a claim.  Along with the motion, defendants have submitted a copy of the warrant, which I may consider without converting the motion to one for summary judgment

because it is a matter of public record and necessarily embraced by the pleadings.[1]

*See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (when considering a motion to dismiss, the court generally must ignore materials outside the pleadings, but it may consider materials that are matters of public record, exhibits that are attached to the pleadings, and materials necessarily embraced by the pleadings).  The warrant authorized the officers to search multiple structures on Buchanan's property, including his trailer home, and described the specific property to be seized as follows:

1. In reference to Stealing/Receiving Stolen Property:  Single Shot Tuffy .410 Bore Shotgun, AR-15 with case, a 22-250, and a .22 wooden stock that belong to a victim (A. H).

2. In reference to the crime of Identity Theft:  To search for documentation, writings, photographs, ~~electronic data~~, computers, phones or other devices that may contain confidential personal identification information of Michael Parsons and Teresa Parsons.  Electronic data may be seized, but not searched through the authorization of this search warrant.  Applicant directed to seek further authorization if search of data is sought.

(ECF 22-1).

---

[1] Defendants have also submitted four videos that were recorded by the body cameras worn by Maskey and another officer.  After reviewing the videos, I decline to consider them in ruling on the motion to dismiss because they are inconclusive and do not directly contradict the allegations in the third amended complaint.  *See LeMay v. Mays*, 18 F.4th 283, 289-90 & n.5 (8th Cir. 2021) (rejecting defendant's argument that the district court erred by not considering two videos in ruling on the motion to dismiss because the videos were not entirely inconsistent with the complaint's allegations and were insufficient to decide whether the defendant's conduct was reasonable under the circumstances).

## Legal Standard

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, this Court must take the complaint's factual allegations as true and liberally construe them in the light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  "A pro se complaint must be liberally construed, . . . and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citation modified).  But pro se pleadings still must state sufficient facts that, taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  In other words, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 915.  "The key issue is threshold plausibility, to determine whether a plaintiff is entitled to present evidence in support of his claim and not whether it is likely that he will ultimately prevail." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 556).

## Discussion

### Qualified Immunity

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017) (citation modified).  To determine whether an official is entitled to qualified immunity, the Court asks:  "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc) (quoting *Nord v. Walsh Cty.*, 757 F.3d 734, 738 (8th Cir. 2014)).  "The defendants are entitled to qualified immunity unless the answer to both of these questions is yes." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012).  "Qualified immunity is an affirmative defense, to be upheld in a motion to dismiss only when the immunity can be established on the face of the complaint." *Bradford v. Huckabee*, 330 F.3d 1038, 1041 (8th Cir. 2003) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).  "Dismissal is inappropriate unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hafley*, 90 F.3d at 266.

**Official-Capacity Claims against Defendants Maskey and Allison**

In the motion to dismiss, defendants first argue that the official-capacity claims against Maskey and Allison should be dismissed as redundant because they are actually claims against Montgomery County. Buchanan states that he will not oppose the dismissal of the official-capacity claims if I determine that they are redundant. Because I agree with defendants that the official-capacity claims against Maskey and Allison are effectively claims against Montgomery County, those claims will be dismissed. *See Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006) (official-capacity claims against county employees are tantamount to suing the county); *Hafer v. Melo*¸ 502 U.S. 21, 25 (1991) (explaining that "the real party in interest in an official-capacity suit is the governmental entity and not the named official").[2]

**Count I – Unreasonable Search & Seizure against Defendant Maskey**

After reviewing the third amended complaint and the warrant, I find that the motion to dismiss must be denied as to Count I. Defendants do not dispute

---

[2] Defendants also ask me to strike or dismiss Buchanan's request for declaratory relief, arguing that such relief is not the appropriate remedy for alleged past misconduct. Although declaratory relief is ordinarily "meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act," *Just. Network Inc. v. Craighead Cty.*, 931 F.3d 753, 764 (8th Cir. 2019), given the early stage of the litigation and

Buchanan's allegation that Maskey searched and seized property that was not described by the warrant, but they argue that Maskey is entitled to qualified immunity because it was not clearly established that his search and seizure of Buchanan's property was unreasonable under the circumstances.  Defendants assert that the body camera videos show that Buchanan gave consent to the search and seizure of his property, that the firearms' serial numbers were in plain view, and that the seized property fell within a good faith interpretation of the scope of the warrant.

The body camera videos do not directly contradict Buchanan's version of events, and they are insufficient to establish that Maskey's alleged conduct was reasonable or that any of the exceptions to the warrant requirement apply.  *See LeMay*, 18 F.4th at 289-90 & n.5 (declining to consider inconclusive videos that were insufficient to determine whether the defendant officer's conduct was reasonable); *Root v. Gauper*, 438 F.2d 361, 363-64 (8th Cir. 1971) (warrantless searches are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions, such as plain view, consent, and exigency).  The videos simply do not capture the entire search. Maskey is, unsurprisingly, not visible in most of the footage recorded by his own

---

Buchanan's pro se status, I will deny defendants' request without prejudice to defendants reraising their request, if appropriate, at a later date.

body camera, making it impossible to tell what he was observing or searching at any given moment, what he may have found in plain view, what he was doing with his hands, or what property he seized.  Buchanan is not visible in much of the footage either, which means that I cannot conclusively determine that he gave voluntary consent to search or seize any of his property.  The footage also appears to be incomplete because the videos show that multiple officers helped Maskey execute the warrant, but defendants have not submitted videos from all of the officers' body cameras.  I will therefore accept the allegations in the third amended complaint as true and draw all reasonable inferences in favor of Buchanan.

Here, viewing the allegations and reasonable inferences in Buchanan's favor, Maskey recorded the serial numbers of firearms and seized items that were not described in the warrant and that did not constitute contraband or evidence. Additionally, it has long been clearly established that general, exploratory searches are forbidden by the Fourth Amendment and that an officer may not seize one thing under a warrant describing another.  *Marron v. United States*, 275 U.S. 192, 195-96 (1927); *see also United States v. Clark*, 531 F.2d 928, 931-32 (8th Cir. 1976) (concluding that the officers' search exceeded the scope of the warrant and constituted an impermissible exploratory search where officers inventoried and recorded the serial numbers of a significant quantity of property that was not authorized by the warrant).  Therefore, Count I adequately states a claim.  *See*

*Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir. 1985) (pro se plaintiff's allegations that "officers exceeded the scope of the warrant in searching unauthorized parts of his home and in destroying or seizing property that was not contraband or evidence" were sufficient to state a claim).

**Count II – Unreasonable Retention of Property against Defendant Allison**

Defendants claim that Count II fails to state a claim because Buchanan did not specifically allege that Allison refused to return the seized property or explain what procedure Allison should have provided for the property's return.  I disagree. Buchanan alleges that despite knowing about his repeated requests for the return of his property that was not listed in the warrant and did not qualify as contraband or evidence, Allison did not timely return the property or provide a meaningful process for challenging its continued retention.  These allegations are sufficiently specific to apprise defendants of the acts Buchanan claims were unlawful. Defendants contend that *DeArmon v. Burgess*, 388 F.3d 609, 613 (8th Cir. 2004) rejected a similar claim, but that case is distinguishable because it was decided on a motion for summary judgment, and the plaintiffs were counseled.  *See id.*

Defendants also assert – without argument – that Allison is entitled to qualified immunity because the law was not clearly established that he had violated Buchanan's constitutional rights.  Because defendants do not meaningfully argue this issue or cite any authority in support, I need not consider it on this motion to

- 9 -

dismiss. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (issues not meaningfully argued are waived). But even if defendants had not waived the issue, Allison still would not be entitled to qualified immunity because it was clearly established that "when state officials deprive an individual of property pursuant to a state procedure or policy without predeprivation process, a § 1983 action may be brought regardless of whether there are adequate state postdeprivation remedies." *Lathon v. City of St. Louis*, 242 F.3d 841, 843 (8th Cir. 2001) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436-37 (1982)); *see also Walters v. Wolf*, 660 F.3d 307, 313-15 (8th Cir. 2011) (concluding that the district court erred in granting summary judgment because the defendants' refusal to return the plaintiff's handgun and ammunition after dismissing the charge against him violated his procedural due process rights under the Fifth and Fourteenth Amendments). Thus, I will deny the motion to dismiss as to Count II.

**Count III – Excessive Force against Defendant Maskey**

Defendants argue that Buchanan's excessive force claim is barred by qualified immunity. Pointing to a particular moment in one of the videos where Maskey appears to accidentally point a pistol in Buchanan's direction, defendants contend that Maskey did not intentionally apply force against Buchanan. But the third amended complaint does not specifically allege when Maskey pointed a firearm at Buchanan. As a result, I cannot ascertain whether the footage provided

- 10 -

actually captured Maskey's alleged misconduct or whether his alleged use of force was reasonable under the circumstances. *See LeMay*, 18 F.4th at 289-90 & n.5 (declining to consider inconclusive videos that did not entirely contradict the plaintiff's allegations and did not settle whether the defendant officer's conduct was reasonable). I must therefore accept Buchanan's uncontradicted allegations as true for purposes of ruling on this motion.

In Count III, Buchanan alleges that Maskey pointed a firearm at him at close range and maintained that threat of deadly force while he was compliant and posed no immediate threat. Viewing the allegations as true, I find that he has plausibly alleged an excessive force claim. *See Rochell v. City of Springdale Police Dep't*, 768 F. App'x 588, 589-90 (8th Cir. 2019) (per curiam) (concluding that the facts found by the district court "gave rise to a Fourth Amendment violation because a police officer uses excessive force by pointing his service weapon at the head of a suspect who has dropped his weapon, has submitted to arrest, and no longer poses an immediate threat to the safety of officers or others"). And Buchanan's right to be free from excessive force under the circumstances alleged in the third amended complaint was clearly established at the time of the alleged misconduct. *See Wilson v. Lamp*, 901 F.3d 981, 990 (8th Cir. 2018) (collecting cases and stating that the right to be free from excessive force by not having officers' service weapons continuously drawn and pointed at plaintiffs after officers realized they

- 11 -

posed no threat was well established).  I will therefore deny defendants' motion as to Count III.

**Count IV – Municipal Liability against Montgomery County**

Defendants assert in passing that Buchanan's claim for municipal liability fails because the third amended complaint does not establish an underlying constitutional violation.  As discussed above, the third amended complaint adequately alleges that Maskey and Allison violated Buchanan's constitutional rights.  And Buchanan alleges that Montgomery County's unconstitutional policies, customs, and practices caused Maskey and Allison to violate his constitutional rights.  This is sufficient to state a claim for municipal liability that is plausible on its face.  *See Crumpley-Patterson v. Trinity Luteran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (explaining that plaintiff need not specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss, but he must at least allege facts from which "one could begin to draw an inference" that the conduct complaint of resulted from the existence of an unconstitutional policy or custom).  Therefore, Count IV survives the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [21] is **GRANTED** as to the official-capacity claims against defendants Maskey and Allison and **DENIED** in all other respects.

- 12 -

This case will be set for a Track 2 Rule 16 scheduling conference by separate order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2026.